Carl Grasha, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and The School District of Pittsburgh, Respondents.

Argued March 10, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Carl Grasha*, petitioner, for himself.

*David H. Dille*, Assistant Solicitor, with him, *Robert J. Stefanko*, Solicitor, for respondent.

OPINION BY JUDGE MACPHAIL, April 24, 1980:

Carl Grasha (Claimant) has appealed from an order of the Workmen's Compensation Appeal Board (Board), which affirmed the referee's dismissal of Claimant's claim petition.

Claimant suffered a head injury on March 18, 1975, while in the course of employment with the School District of Pittsburgh (Employer). Subsequently, the Employer filed a notice of compensation payable acknowledging Claimant's compensable injury. Compensation benefits were paid Claimant thereafter from the date of his injury until October 27, 1975, when the payments were discontinued due

to the Employer's filing of a workmen's compensation termination petition. After a hearing, the referee granted Employer's request to have Claimant's benefits terminated. Thereupon, Claimant appealed that decision to the Board where it is currently pending.

On March 16, 1978, Claimant filed the claim petition with which this appeal is concerned. In his present petition, Claimant claims compensation due for the disability caused him by his injury of March 18, 1975, which is the identical subject of the aforementioned termination petition appeal. The claim petition was dismissed by a referee, whose decision the Board affirmed.

Claimant argues to us that the Board cannot deny him his right under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., to file a claim petition for his continued protection. The Employer contends that the real issue within the appeal is whether or not Claimant has proceeded properly by filing a claim petition, while his appeal of the termination petition is pending before the Board.

The Act provides several methods by which the payment of compensation benefits may be initiated. The obvious purpose of any of these methods is to obtain a determination of whether the Claimant has suffered a compensable injury. In the case at hand, Claimant's benefits were initiated by a notice of compensation payable given him by the Employer under the provisions of Section 407 of the Act, 77 P.S. §731.[1]

---

[1] Section 407 of the Act, 77 P.S. §731, provides in pertinent part:

> On or after the seventh day after any injury shall have occurred, the employer or insurer and employe or his dependents may agree upon the compensation payable to the employe or his dependents under this act. . . .

Since the Employer acknowledged the compensable injury, the Claimant had no need or right to resort to the alternative method of initiating benefits by filing a claim petition. When the payment of benefits was terminated under the provisions of Section 413 of the Act, 77 P.S. §771,[2] Claimant's sole remedy was an appeal as provided by Section 423 of the Act, 77 P.S. §853.[3]

Thus, the Claimant's filing of a claim petition on March 16, 1978, is in contravention of the Act's established appeal process. Therefore, we uphold the

---

Where payment of compensation is commenced without an agreement, the employer or insurer shall simultaneously give notice of compensation payable to the employe or his dependent, on a form prescribed by the department, identifying such payments as compensation under this act and shall forthwith furnish a copy or copies to the department as required by rules and regulations.

[2] Section 413 of the Act, 77 P.S. §771:

A referee of the department may, at any time review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such referee, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

[3] Section 423 of the Act, 77 P.S. §853:

Any party in interest may, within twenty days after notice of a referee's award or disallowance of compensation shall have been served upon him, take an appeal to the board on the ground: (1) that the award or disallowance of compensation is not in conformity with the terms of this act, or that the referee committed any other error of law; (2) that the findings of fact and award or disallowance of compensation was unwarranted by sufficient, competent evidence or was procured by fraud, coercion, or other improper conduct of any party in interest. The board may, upon cause shown, extend the time provided in this article for taking such appeal or for the filing of an answer or other pleading.

Board's decision to affirm the dismissal of Claimant's claim petition, without prejudice, of course, to his rights in the proceeding appealing the termination of his benefits in 1975.

## ORDER

AND Now, this 24th day of April, 1980, the order of the Workmen's Compensation Appeal Board, dated May 23, 1979, dismissing the appeal of Carl Grasha, is hereby affirmed.