Bechtel Power Corporation and Argonaut Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Charles Miller), Respondents.

Submitted on briefs September 15, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for petitioners.

*Arthur G. Girton,* for respondent, Charles Miller.

OPINION BY JUDGE BLATT, November 10, 1982:

Bechtel Power Corporation, and its insurance carrier, Argonaut Insurance Company (petitioners) ap-

peal here a decision of the Workmen's Compensation Appeal Board (Board) dismissing a Termination Petition filed by them as being premature.

As the Board noted in its opinion, this case has created a procedural quagmire. Our first task, therefore, is to attempt to put all of the petitions, hearings and appeals into the proper perspective for the exercise of our appellate review.

Some facts are clear. Charles Miller (claimant) was employed as a pipefitter and suffered a left inguinal hernia during the course of his employment with the petitioner. The referee's award of total disability benefits was sustained by the Board and by this Court. *Bechtel Power Corp. v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 581, 439 A.2d 1265 (1981). Bending the appeal to the Board, however, the petitioners filed a petition for termination pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§771-774. They alleged that the claimant's disability had ceased. The Board eventually considered this claim and dismissed it, relying on the referee's decision that the medical testimony of the claimant's physician was more credible than the contrary opinions of the petitioners' physician. Unquestionably, the referee as the fact-finder had to make the decision and the Board did not err in adopting it. *City of Scranton Fire Department v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 151, 401 A.2d 899 (1979). The petitioners next sought reconsideration before the Board, again asserting that the medical evidence offered before the referee established that the Claimant had recovered from his injury. The Board then rescinded its prior order and dismissed the petition for termination as prematurely filed. It is the appeal of this latest order that is now before us.

The issue here is a narrow one: Should an employer, already appealing a decision of the referee to grant benefits, be permitted to file a petition to terminate before a decision is reached by the Board on the appeal? In other words, should the employer be permitted to attack the referee's finding of disability, alleging that no disability occurred, while at the very same time petitioning for termination of benefits alleging that the disability has ceased? Purely a question of law, it is, of course, correctly within our scope of review. *Borough of Wilmore v. New*, 54 Pa. Commonwealth Ct. 145, 419 A.2d 1383 (1980).

The petitioners cite Section 413 of the Act, 77 P.S. §772, which provides that: "A referee . . . may, at any time, modify, reinstate, suspend, or terminate . . . an award of the department of its referee, upon petition. . . ." They emphasize the words "at any time" and say that these words must be given their common and clear everyday meaning. While that may be true as a general rule of statutory construction, it is also a rule that statutes must be read in pari materia so as to give effect to all parts of the legislation if at all possible. Section 1932 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1932. And, to construe the statute as the petitioner would have us do would contravene the Act's established appeal process,[1] making proceedings subject to collateral attack at any time. This is clearly not conducive to judicial or administrative economy.

In *Grasha v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 12, 413 A.2d 771 (1980), we held that a claimant may not file a compensation claim while the appeal of a termination petition filed by the employer is pending before the Board.

---

[1] Section 427 of the Act, 77 P.S. §872, repealed by the Act of April 28, 1978, P.L. 202. A similar provision is now found in Sections 763 and 5105(a)(2) of the Judicial Code, 42 Pa. C. S. §§763 and 5105(a)(2).

The evil avoided by that ruling was the unnecessary and counterproductive relitigation of identical issues. And logic and fairness alike dictate the same rule even when the parties are reversed, as here.

The order of the Board, therefore, must be affirmed.

### ORDER

AND Now, this 10th day of November, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter, dated July 20, 1981, is hereby affirmed.