**CARSON/KENT JOINT VENTURE,**
Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SCAFIDI),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 16, 1995.

Decided Aug. 3, 1995.

---

Kenneth M. Portner, for petitioner.

Wayne S. Stander, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Carson/Kent Joint Venture (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision by a Workers' Compensation Judge (WCJ) dismissing Employer's termination petition.

The factual background of this case is rather extensive and can be divided into two separate rounds of litigation. Initially, Joseph Scafidi (Claimant) suffered a work-related back injury on September 24, 1989, while employed by Omega Exhibit Services. After a period of disability, Claimant began working for Employer as a carpenter. On September 16, 1991, Claimant filed a claim petition, alleging an aggravation of his original work injury as of June 19, 1991. Employer mailed its answer on December 5, 1991, denying Claimant's allegations. Claimant questioned the timeliness of Employer's answer[1] and, after a hearing, an interlocutory order was issued on November 23, 1992, stating that the averments in the claim petition were deemed admitted and that the decision would rest on those averments and the evidence presented by Claimant. A subsequent decision, issued on January 5, 1993, granted compensation to Claimant. Both the interlocutory order and the order granting compensation were appealed to the Board, which consolidated the actions and affirmed. Employer appealed to this Court, which affirmed in a memorandum opinion and order.[2]

The second round of litigation was commenced by a termination petition, filed by Employer on December 8, 1992, wherein Employer alleged that Claimant had completely recovered from any disability suffered as of July 9, 1992. The termination petition's filing date preceded the WCJ's decision in the claim petition action by a month. At a hearing on the termination petition, Claimant requested the dismissal of Employer's petition, alleging that it was premature in light of Employer's pending appeal on the claim petition, citing *Bechtel Power Corp. v. Workmen's Compensation Appeal Board (Miller)*, 70 Pa.Commonwealth Ct. 6, 452 A.2d 286 (1982). The WCJ, relying on *Bechtel*, dismissed the termination petition and the Board affirmed.

On appeal,[3] Employer argues that *Bechtel* is not controlling and is distinguishable factually from the present case. In *Bechtel*, the claimant filed a claim petition and was awarded total disability benefits by a referee. While the appeal to the Board of the award was pending, the employer filed a termination petition, alleging that the claimant's disability had ceased. Hearings were held before the referee, who determined that the claimant remained disabled. The Board affirmed. Then, upon reconsideration, the Board dismissed the employer's termination petition as being prematurely filed. This Court affirmed, relying on *Grasha v. Workmen's Compensation Appeal Board*, 51 Pa.Commonwealth Ct. 12, 413 A.2d 771 (1980) (a claimant may not file a compensation claim while appeal of an employer's termination petition is pending). The *Bechtel* court recognized that the rule set out in *Grasha* avoids the unnecessary and counterproductive relitigation of identical issues and, thus, reaffirmed the *Grasha* holding, noting that despite the reversal of the parties the rule was applicable.

1. Section 416 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 821, provides for a fifteen day period from the service of a claim petition within which an answer must be filed or the averments in the claim petition will be deemed admitted.

2. *Carson/Kent Joint Venture v. Workmen's Compensation Appeal Board (Scafidi)*, (No. 2294 C.D. 1994, filed June 1, 1995).

3. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

Here, the parties' actions mirror the procedural steps that the parties in *Bechtel* took; thus, we believe that *Bechtel* controls the present result. The fact that Employer was prohibited from providing evidence during the hearings on the claim petition because of the late filing of its answer does not change the application of *Bechtel* to the situation. Clearly, the *Bechtel* rule prohibits an employer from attacking a finding of disability, on the one hand by alleging that no disability occurred and on the other hand by alleging that the disability ceased. Therefore, we affirm the Board's order dismissing Employer's termination petition.[4]

■ In Claimant's brief to this Court, Claimant requests counsel fees pursuant to Pa.R.A.P. 2744, which provides that an appellate court may award counsel fees if "it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Rule 2744. Claimant contends that Employer's appeal is frivolous, that the issue raised was well settled by the decision in *Bechtel* and that no legal support was presented for the argument that *Bechtel* does not control.

In response, Employer argues that for this Court to determine that an appeal is frivolous the issue should be addressed by a "line of cases," not just one decision. Moreover, Employer contends that it presented analogous cases which support its position, i.e., *Cunningham*.

■ A frivolous appeal has no justiciable question presented, is recognizable as devoid of merit and has little prospect of success. *Budd Co. v. Workmen's Compensation Appeal Board (Bradley)*, 144 Pa.Commonwealth Ct. 533, 601 A.2d 1322, *petition for allowance of appeal denied*, 530 Pa. 656, 608 A.2d 31

(1992). Although we have determined that the position Employer has taken is incorrect, we do not believe the issue raised is entirely devoid of merit. Essentially, *Bechtel* is the only case on point, and Employer attempts to distinguish it on the basis that in *Bechtel* both parties presented evidence before the referee, while here Employer was precluded from presenting evidence due to its own error. Although this distinction fails to persuade this Court to find in Employer's favor on the merits, we conclude it is sufficient to overcome Claimant's charge of frivolity.

Accordingly, we affirm the Board's order dismissing Employer's termination petition and deny Claimant's request for counsel fees.

### ORDER

NOW, August 3, 1995, the order of the Workmen's Compensation Appeal Board, dated October 31, 1994, at No. A94–0526, is affirmed and Claimant's request for counsel fees is denied.

PELLEGRINI, J., concurs in result only.

FRIEDMAN, Judge, concurring and dissenting.

I concur in part and dissent in part. I agree with the Majority that *Bechtel Power Corp. v. Workmen's Compensation Appeal Board (Miller)*, 70 Pa.Commonwealth Ct. 6, 452 A.2d 286 (1982), controls the present result and, like the Majority, would affirm the order of the Board dismissing the Termination Petition filed by Carson/Kent Joint Venture. However, I would grant Claimant's request for counsel fees.

---

4. Employer attempts to show that *Bechtel* does not control all situations, completely disallowing the filing of a petition while another petition is on appeal, citing *Cunningham v. Workmen's Compensation Appeal Board (Inglis House)*, 156 Pa.Commonwealth Ct. 241, 627 A.2d 218 (1993). In *Cunningham*, a claimant filed a penalty petition alleging that the employer improperly refused to make payments despite a referee's order requiring these payments while an appeal on the merits of the claim was pending before this

Court. Based on Section 430(b) of the Act, this Court held that a "[v]iolation of the Act with respect to any improper non-payment of compensation exists independently of the merits of the case, and penalty proceedings may be brought before the worker's compensation authorities while the merits of the case are pending before this court." *Id.* at 246, 627 A.2d at 221. We find *Cunningham* distinguishable from the case presently before this Court.