# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Debra Gieniec,                          :
                    Petitioner           :
                                         :
            v.                           :   No. 195 C.D. 2015
                                         :   Submitted: August 14, 2015
Workers' Compensation Appeal             :
Board (Palmerton Hospital and            :
HM Casualty Insurance Co.),              :
                    Respondents          :

BEFORE:     HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
            HONORABLE ROBERT SIMPSON, Judge
            HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: November 3, 2015**

Debra Gieniec (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that vacated Workers' Compensation Judge (WCJ) Wayne Rapkin's (WCJ Rapkin) decision granting her reinstatement petition, but suspending payment of benefits contingent upon the outcome of the then-pending appeal related to her initial claim petition. The Board dismissed Claimant's reinstatement petition as premature, reasoning it involved identical issues as the pending appeal.

Since the Board dismissed the reinstatement petitions, this Court decided the then-pending appeals, affirming the Board's order that affirmed the decision by WCJ Thomas Kutz (WCJ Kutz). Gieniec v. Palmerton Hospital, et al (Pa. Cmwlth., Nos. 986 C.D. 2014, 1044 C.D. 2014, filed May 11, 2015) (Gieniec I). There, WCJ Kutz denied the termination petition filed by Palmerton Hospital

(Employer), and its insurer, HM Casualty Insurance Co. (collectively, Respondents), and he granted Claimant's petitions without awarding indemnity benefits.

Claimant contends the Board erred in dismissing her reinstatement petition because she is entitled to lost earnings related to her most recent injury. Upon review, we affirm.

## I. Background

For over 20 years, Claimant worked for Employer as a nurse, where her duties included patient care, such as patient transfers and administering medications, as well as secretarial tasks. She began working in the intensive care unit (ICU) in January 2005. She continues to work for Employer as an ICU nurse.

### A. Prior Petitions (2007 Injury)

While dressing a patient's wound, Claimant suffered a work-related soft tissue injury to the lower back on January 9, 2007 (2007 Injury). Initially, she described the pain as radiating down her left leg. Later, she experienced pain down the lateral aspect of both legs. Claimant returned to work less than 13 work days after the 2007 Injury, with a 25 to 30 pound lifting restriction. Employer paid three days of wage loss related to the 2007 Injury.

Claimant aggravated the 2007 Injury on two separate occasions. She filed a claim petition as to the 2007 Injury, and review petitions as to the two later aggravations. Employer opposed the review petitions and filed a termination petition as to the 2007 Injury. WCJ Kutz heard the petitions, denying

2

Respondents' termination petition, and granting Claimant's claim and review petitions awarding medical benefits only. Both parties appealed his decision to the Board. These appeals were pending before the Board at the time Claimant filed the reinstatement petition at issue here. Relevantly, in her appeal, Claimant challenged the adequacy of WCJ Kutz's award because it did not include indemnity benefits. Respondents challenged the findings as to the 2007 Injury.

Ultimately, the Board affirmed WCJ Kutz. In so doing, it upheld the determination that Claimant sustained an aggravation, including lumbar radiculopathy and chronic lumbar strain as a result of the 2007 Injury. The Board expressly rejected Claimant's argument that WCJ Kutz erred in denying indemnity benefits. The Board reasoned that Claimant's evidence did not establish a compensable loss of earnings so as to entitle her to any ongoing benefits. Finally, in Gieniec I, in an opinion authored by The Honorable Robert E. Simpson, this Court addressed the petitions related to the 2007 Injury, affirming the Board. We agreed Claimant did not establish a compensable wage loss.

**B. Current Petitions (2011 Injury)**

On December 9, 2011, while pushing a patient to a CAT scan, Claimant experienced pain in her back and right groin area. She completed her shift. Claimant did not work between December 9, 2011, and December 14, 2011, because she was scheduled off. On December 14, 2011, she went to Employer's emergency room, and she was then sent home. Claimant did not return to work until February 2012.

3

In January 2012, Claimant filed a claim petition alleging a December 9, 2011, back injury in the nature of herniated discs at the L4-5 and L5-S1 levels of the lumbar spine (2011 Injury). She alleged total disability from December 14, 2011, through February 1, 2012, and ongoing partial disability from February 2, 2012, and continuing. Employer issued a notice of workers' compensation denial, asserting there was no work injury and there were no medical records to support a work injury.

Approximately six months later, after WCJ Kutz issued his decision as to her initial petitions, Claimant also filed a reinstatement petition with regard to the 2007 Injury. In her petition, she cited WCJ Kutz's January 30, 2012, award as the source of the benefits to be reinstated. Reproduced Record (R.R.) at 9a. She sought reinstatement of benefits as of December 9, 2011. Employer filed an answer denying the material allegations. Employer also argued the reinstatement petition could not proceed because an appeal related to the 2007 injury was pending.

As to the 2011 Injury, Claimant sought wage loss corresponding to a weekly compensation rate of $750.82. Claimant alleged she returned to work following her 2011 Injury with a reduction of 12 hours every two weeks.

A different WCJ, WCJ Rapkin, held several hearings on the claim and reinstatement petitions. Claimant testified on her own behalf, and she submitted the deposition testimony of Maxime Gedeon, M.D. (Treating Physician). Employer presented the testimony of Claimant's coworkers and submitted the deposition testimony of its medical expert, Amir H. Fayyazi, M.D. (Employer's Physician).

4

Claimant testified that after the 2011 Injury, she experienced numbness in her legs. She explained that this numbness was more extensive than previously experienced in that it was not intermittent. Also, the numbness went into both legs from the thigh down so that she was unable to drive for two months.

Treating Physician began treating Claimant when she sustained the 2007 Injury. After reviewing his treatment history, he opined that the 2011 Injury "was just an exacerbation of the initial injury that the Claimant sustained on January 9, 2007." WCJ Op., 6/28/13, Finding of Fact (F.F.) No. 39. He testified Claimant's prognosis is good with continuing treatment as needed for pain.

Based on his examination of Claimant in April 2012, Employer's Physician opined that Claimant's symptomology was not related to her 2011 Injury. He further opined Claimant recovered from the lumbar sprain she suffered in the 2007 Injury. Employer's Physician also opined the 2011 Injury was another exacerbation of her preexisting lumbar degenerative condition.

Based on the evidence, WCJ Rapkin denied Claimant's claim petition, finding that she did not establish a new injury. However, WCJ Rapkin granted her reinstatement petition on a contingent basis. Importantly, WCJ Rapkin suspended benefits until the Board decided the pending appeal that involved "identical issues …, i.e.[,] whether … Claimant suffered … any disability" from the 2007 Injury. WCJ Op. at 9. WCJ Rapkin recognized that both Employer and Claimant appealed WCJ Kutz's decision. F.F. No. 4. He found "the basis of Claimant's appeal [was] that she should have been awarded some partial disability benefits." FF. No. 4a.

5

In granting the reinstatement petition, WCJ Rapkin concluded Claimant established an aggravation of her 2007 Injury on the date of her 2011 Injury. He awarded temporary total disability benefits from December 14, 2011 to February 2, 2012, and partial disability benefits ongoing. Employer appealed WCJ Rapkin's order as to reinstatement. Claimant did not appeal the denial of her claim petition.

The Board vacated WCJ Rapkin's decision, and it dismissed the reinstatement petition based on Bechtel Power Corp. v. Workmen's Compensation Appeal Board (Miller), 452 A.2d 286 (Pa. Cmwlth. 1982) (dismissing petition filed while appeal on identical issue pending). After noting Claimant did not challenge his order sustaining Employer's objection to her simultaneous petitions, the Board determined WCJ Rapkin "should have dismissed the [r]einstatement [p]etition rather than essentially granting it on a contingent basis." Bd. Op., 1/26/15, at 5.

Claimant now petitions for review from the Board's order.

**II. Discussion**

On appeal,[1] Claimant argues the merits of her reinstatement petition. She contends the Board erred in dismissing her petition because that leaves her without a means of receiving indemnity benefits despite evidence of loss of earnings. Significantly, Claimant does not address the Board's reason for dismissal, or deny that Bechtel Power applies to these circumstances.

---

[1] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger), 38 A.3d 1037 (Pa. Cmwlth. 2011).

6

Employer responds that Bechtel Power precluded Claimant from filing the reinstatement petition. Thus, WCJ Rapkin erred in not dismissing it. Employer asserts WCJ Rapkin also erred in finding Claimant established an ongoing disability. Employer contends Claimant suffered no wage loss related to the 2011 Injury.

The sole issue before this Court is whether the Board erred in dismissing Claimant's reinstatement petition based on her pending appeal. We analyze whether the rule set forth in Bechtel Power applies here.

## A. Chronology

A brief overview of the chronology of the relevant petitions and related decisions is helpful. Claimant filed her initial claim petition as to the 2007 Injury in December 2010. She also filed two claim petitions (deemed review petitions) in December 2010 and early January 2011 as to her aggravations of the 2007 Injury. WCJ Kutz decided her initial claim and review petitions (Initial Claim) on January 30, 2012. The Board affirmed WCJ Kutz's decision on May 16, 2014. A year later, on May 11, 2015, this Court affirmed the Board.

Claimant filed her reinstatement petition in July 2012, almost two years before the Board issued a decision on the Initial Claim. WCJ Rapkin granted Claimant's reinstatement petition on June 28, 2013, in which he noted her appeal of the Initial Claim was pending. Accordingly, he suspended payment of benefits based on Bechtel Power. F.F. No. 9. While the Initial Claim was pending before this Court (Gieniec I), on January 26, 2015, the Board dismissed the reinstatement petition because it was filed before the Board decided the Initial Claim.

7

**B. Dismissal under <u>Bechtel Power</u>**

This Court consistently holds that matters pending on appeal cannot be revisited by the filing of new, similar petitions. <u>Carson/Kent Joint Venture v. Workmen's Comp. Appeal Bd. (Scafidi)</u>, 663 A.2d 828 (Pa. Cmwlth. 1995); <u>Bechtel Power</u>; <u>Grasha v. Workmen's Comp. Appeal Bd.</u>, 413 A.2d 771 (Pa. Cmwlth. 1980); <u>Cosey v. Workers' Comp. Appeal Bd. (Altra Holdings, Inc.)</u> (Pa. Cmwlth., No. 1211 C.D. 2013, filed December 20, 2013) (unreported), 2013 WL 6733560. In <u>Grasha</u>, we upheld the Board's dismissal of a claimant's second claim petition when his appeal of employer's termination petition as to the same injury was pending before the Board. The Court reasoned that the claimant's appeal of the termination petition constituted his sole remedy, precluding a second petition. <u>Id.</u>

This Court expanded on this principle in <u>Bechtel Power</u>, upholding the Board's dismissal of a termination petition that employer filed while its challenge to the underlying claim petition was pending. This Court held the employer needed to litigate the appeal to its conclusion before filing a termination petition. We explained, "[t]he evil avoided by that ruling was the unnecessary and counter-productive relitigation of identical issues. And logic and fairness alike dictate the same rule even when the parties are reversed …." <u>Id.</u> at 288.

The rule in <u>Bechtel Power</u> is also properly invoked to preclude a party from taking inconsistent positions in different litigations. <u>Cosey</u>. In <u>Bechtel Power</u>, we determined the employer could not both: contest the existence of a work injury in an appeal of a claim petition, and argue the injury had ceased (thus acknowledging it) in a termination petition, as such positions were mutually exclusive. <u>Id.</u>

8

Before the Board, the parties did not dispute that <u>Bechtel Power</u> controlled the result here. Indeed, in her brief to this Court, Claimant does not address or distinguish <u>Bechtel Power</u>. In this case, the factual predicate to trigger the rule exists in that Claimant filed a petition relating back to the 2007 Injury at the same time her Initial Claim was pending. <u>Bechtel Power</u> generally applies to prevent premature petitions, relitigation of identical issues, and to preclude a party from advocating inconsistent positions. Considering these reasons for the rule, we analyze whether the circumstances warrant application of <u>Bechtel Power</u> here.

**1. Prematurity**

Claimant's reinstatement petition was premature in that it depended on the outcome of the appeal of the Initial Claim. At the time WCJ Rapkin issued his decision, the Board had not decided Employer's termination petition. Thus, he addressed Claimant's reinstatement petition without knowing whether the benefits were suspended or terminated. WCJ Rapkin presumed the benefits were "technically suspended" because WCJ Kutz found no lost wages. WCJ Op. at 1, F.F. No. 4a. In proceeding based on that presumption, WCJ Rapkin erred.

Further, the reinstatement petition was predicated on the payment of indemnity benefits related to the 2007 Injury. That never occurred because WCJ Kutz did not award indemnity benefits. Essentially, WCJ Kutz determined Claimant did not sustain a disability as a result of the 2007 Injury. In her appeal of the Initial Claim, Claimant challenged the denial of indemnity benefits. Had she established loss of earnings in either appeal, at that time, there would be indemnity

9

benefits that could be reinstated.  But she was unsuccessful.  Thus, WCJ Rapkin erred in presuming the existence of benefits to be reinstated.

Notably, WCJ Rapkin realized his decision was premature at the time he issued it.  For that reason he sustained Employer's objection based on Bechtel Power and made the payment of benefits contingent on the outcome of the pending appeal.  WCJ Op. at 9; F.F. No. 9.  These circumstances favor dismissal.

### 2. Identical Issues

Bechtel Power also applies when the issues in the litigations are identical.  As to the Initial Claim, Claimant appealed WCJ Kutz's decision because he did not award indemnity benefits relating back to her 2007 Injury.  The current case also involves a claim for ongoing disability related to a reduction in hours since the 2007 Injury.  Claimant fully litigated this issue in Gieniec I.

To that end, in both the appeal of the Initial Claim and her reinstatement petition, Claimant presented the same arguments regarding wage loss.  She argued that her reduction in 12 hours every pay period was a compensable wage loss attributable to the 2007 Injury.  WCJ Rapkin agreed, awarding ongoing disability benefits despite the pending appeal as to whether Claimant suffered any disability as to the 2007 Injury.  However, WCJ Kutz, the Board and this Court disagreed.

Regarding its decision on the Initial Claim, the Board stated "[w]e also determined that Claimant's evidence, as accepted by WCJ Kutz, did not establish a compensable loss of earnings or earning power such that she was

10

entitled to any ongoing benefits." Bd. Op., 1/26/15, at 2. The Board already entertained Claimant's claim for indemnity benefits predicated on the exacerbation of her 2007 Injury, and rejected it.

Significantly, Claimant presented the same evidence of alleged wage loss in both litigations. In both Gieniec I and her reinstatement petition, Claimant asserted a wage loss predicated on an alleged reduction of 12 hours per pay period. In Gieniec I, Claimant alleged she returned to work in May 2010 at reduced hours: 72 hours from 84 hours every two-week pay period. Similarly, in the current litigation, Claimant alleged she returned to work 72 hours every two weeks. F.F. No. 11. There is no evidence of any further reduction of her hours after the 2011 Injury. Thus, Claimant obtained two conflicting decisions based on the same evidence. The Bechtel Power rule applies to prevent such duplicative litigation.

Because Claimant's reinstatement petition attempted to relitigate the connection between the 2007 Injury and her alleged wage loss, which the Board addressed in the Initial Claim, the Board did not err in dismissing her reinstatement petition.

### 3. Inconsistent Positions

Here, Claimant is also maintaining two mutually exclusive positions. In the reinstatement petition, ostensibly she seeks to reinstate the benefits as set forth in WCJ Kutz's January 30, 2012 decision. Simultaneously, in the appeal of her Initial Claim, she challenged the adequacy of the award because it did not include any ongoing disability benefits or wage loss. These positions are

11

inconsistent. Further complicating the matter, in her reinstatement petition, Claimant presumes an award of indemnity benefits that she did not receive.

Claimant essentially sought to reinstate benefits she believes she should have received. Had the Board agreed with Claimant and determined WCJ Kutz erred in not awarding indemnity benefits, then *at that time*, her petition would have been appropriate. But the Board did not agree with her. As a result, after all appeals have been exhausted, Claimant is not entitled to indemnity benefits related to her 2007 Injury. As her reinstatement petition was premised on a successful appeal of the indemnity claim, which she did not achieve, dismissal was proper.

### III. Conclusion

At the time Claimant filed her reinstatement petition, there were claims on appeal involving identical issues that materially impacted reinstatement. As the circumstances warrant application of the <u>Bechtel Power</u> rule here, we affirm the Board's dismissal of Claimant's reinstatement petition.[2]

ROBERT SIMPSON, Judge

---

[2] As we uphold dismissal of the reinstatement petition, we do not reach the merits. However, we note the principles of *res judicata* govern the determination as to any ongoing benefits attributable to the 2007 Injury. <u>Krause v. Workers' Comp. Appeal Bd. (Barrier Enter.)</u>, 837 A.2d 671 (Pa. Cmwlth. 2003). After litigating her indemnity claim and losing, WCJ Kutz's order remained limited to medical benefits. Therefore, ongoing benefits for wage loss would not have been subject to reinstatement.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Debra Gieniec,                 :
             Petitioner       :
                             :
         v.                :    No. 195 C.D. 2015
                             :
Workers' Compensation Appeal    :
Board (Palmerton Hospital and     :
HM Casualty Insurance Co.),      :
            Respondents    :

# O R D E R

**AND NOW**, this 3rd day of November, 2015, the order of the Workers' Compensation Appeal Board is hereby **AFFIRMED**.


                                    ROBERT SIMPSON, Judge