# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert L. Gary,        :
                                     :
           Petitioner      :
                                     :
          v.                 : No. 1153 C.D. 2016
                                     : Submitted: March 17, 2017
Workers' Compensation Appeal    :
Board (JD Eckman Inc.),        :
                                     :
          Respondent    :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                          **FILED: May 17, 2017**

       Robert L. Gary (Claimant), *pro se*, petitions for review of the May 25, 2016 order of the Workers' Compensation Appeal Board (Board) that affirmed the August 31, 2015 decision and order of the Workers' Compensation Judge (WCJ) dismissing as frivolous nine petitions filed by Claimant pursuant to the Workers' Compensation Act[1] (Act). For the following reasons, we affirm.[2]

       Claimant states the issue before this Court as "whether the Board and the [WCJ's] findings of fact and conclusions of law can be sustained without

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

[2] This Court's review of an order of the Board is limited to determining whether the WCJ's findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Bufford v. Workers' Compensation Appeal Board (North American Telecom)*, 2 A.3d 548, 551 (Pa. 2010).

capricious disregard of competent evidence." (Claimant's Brief at 13.) Claimant argues that he was tricked into signing a "bogus" compromise and release agreement (C&R) that is barred by this Court's decision in *Bechtel Power Corp. v. Workmen's Compensation Appeal Board (Miller)*, 452 A.2d 286 (Pa. Cmwlth. 1982). Beyond his challenge to the C&R, Claimant has not raised any other issues for review or put forth any other argument in his brief addressing the Board's conclusion that the WCJ correctly dismissed the remaining petitions as frivolous.

Contrary to Claimant's argument, the Board correctly determined that *Bechtel* requires his petitions to be dismissed. In *Bechtel*, we held that an employer could not attack a WCJ's finding of disability while at the same time filing a termination petition alleging that disability had ceased, mirroring our holding in *Grasha v. Workmen's Compensation Appeal Board*, 413 A.2d 771 (Pa. Cmwlth. 1980), that a claimant may not file a compensation claim while the appeal of a termination petition filed by the employer is pending before the Board. *Bechtel*, 452 A.2d at 288; *see also Grasha*, 413 A.2d at 772. The principle underlying *Bechtel* "generally applies to prevent premature petitions, relitigation of identical issues, and to preclude a party from advocating inconsistent positions." *Gieniec v. Workers' Compensation Appeal Board (Palmerton Hospital and HM Casualty Insurance Co.)*, 130 A.3d 154, 158 (Pa. Cmwlth. 2015). Claimant argues that, in prior proceedings between the parties, the WCJ contravened *Bechtel* by allowing the parties to withdraw petitions on appeal to the Board in order to permit the WCJ to approve the C&R.

Claimant's argument misconstrues the Board's application of *Bechtel*. The Board concluded that the WCJ did not err in:

2

> Dismissing the Claim, Modification, Penalty, Reinstatement, Review, and Set Aside Final Receipts Petitions, the last of which Claimant asserted was intended to be a petition to set aside the C&R, as the issues addressed in those Petitions were essentially the same as those already litigated in the WCJ's 2014 decision, which decision was pending on appeal to the Board as of the WCJ's instant August 31, 2015 Decision.

(Board Op. at 14.) Claimant's argument before this Court does not address the Board's conclusion that the WCJ correctly determined that Claimant was trying to relitigate issues identical to those already addressed by the WCJ in a decision that was actively on appeal to the Board. Instead, Claimant directs his argument to the merits of his contention that the C&R was fraudulent. We conclude that the Board did not err in applying *Bechtel* in the instant matter to prevent Claimant from relitigating his challenge to the C&R. Instead, Claimant's sole avenue to litigate the validity of the C&R is to proceed with his appeal from the WCJ's 2014 decision.

Accordingly, we affirm the order of the Board.[3]

_____
**JAMES GARDNER COLINS, Senior Judge**

---

[3] JD Eckman, Inc., the employer, was precluded from filing a brief by February 17, 2017 order of this Court for failure to comply with this Court's briefing schedule.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Robert L. Gary, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 1153 C.D. 2016 |
| | : |
| Workers' Compensation Appeal | : |
| Board (JD Eckman Inc.), | : |
| | : |
| Respondent | : |

## **O R D E R**

AND NOW, this 17th day of May, 2017, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**