IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Hutchinson,          :
              Petitioner  :
                          :
        v.                :
                          :
Annville Township (Workers'    :
Compensation Appeal Board),    :    Nos. 16 & 17 C.D. 2021
              Respondent  :    Submitted: May 7, 2021


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION
BY JUDGE FIZZANO CANNON          FILED: August 9, 2021

John Hutchinson (Claimant) petitions for review from two orders of the Workers' Compensation Appeal Board (Board). The Board affirmed two orders of a workers' compensation judge (WCJ) reinstating Claimant's temporary total disability benefits as of March 2017 and granting Employer's modification petition as of January 2019. The two matters have been consolidated in this Court. Upon review, we affirm the Board's orders.

**I. Background**

In June 2006, while employed by Annville Township (Employer), Claimant sustained a work-related fracture of his leg. Certified Record (C.R.) A20-

0173 Item 5 at 3.[1]  He received workers' compensation benefits for temporary total disability.  *Id.*  In June 2009, at Employer's behest, Claimant underwent an impairment rating examination (IRE).  *Id.*  The examination resulted in a whole person disability rating of less than 50%[2] based on the impairment rating guidelines provided in the Sixth Edition of the American Medical Association (AMA) *Guides to the Evaluation of Permanent Impairment* (*Guides*).[3]  *Id.*  Based on the outcome of the IRE, Employer filed a petition to modify Claimant's status from temporary total disability to partial disability (2009 modification petition).[4]  *Id.*  In February 2010, a WCJ granted the 2009 modification petition, effective as of the June 2009 date of the IRE (2009 modification).  *Id.*  Claimant did not appeal the 2009 modification. *Id.*

In September 2015, this Court decided *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd*, 161 A.3d 827 (Pa. 2017) (*Protz II*).  In *Protz I*, we held that former Section 306(a.2) of the Workers' Compensation Act, *formerly* 77 P.S. § 511.2,

---

[1] Because both dockets before the WCJ, A20-0173 and A20-0175, contain essentially the same information, only A20-0173 is cited here, for conciseness, except as otherwise indicated.

[2] Under former Section 306(a.2) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710, temporary total disability status could be modified to partial disability if the claimant had a disability rating of less than 50%.  Former 77 P.S. § 511.2(2) was added by the Act of June 24, 1996, P.L 350, and repealed by the Act of October 24, 2018, P.L. 714.

[3] The record does not indicate whether the June 2009 IRE was performed pursuant to the Sixth Edition of the *Guides*, published in 2007, or the Sixth Edition, second printing, published in 2009.

[4] A modification to partial disability status does not reduce the amount of weekly wage benefits paid to a claimant, but it limits future payments to 500 weeks from the modification date.  *Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599, 613 (Pa. Cmwlth. 2018) (citing Section 306(b)(1) of the Workers' Compensation Act, 77 P.S. § 512(1)).

impermissibly delegated legislative authority by providing that IREs were to be conducted pursuant to the most recent edition of the *Guides*. *Protz I*, 124 A.3d at 416. Rather than declare the entire provision invalid, however, this Court severed the language relating to the most recent edition of the *Guides* and concluded that future IREs should be conducted pursuant to the Fourth Edition, which was in effect at the time the legislature enacted former Section 306(a.2). *Id.*

In June 2017, the Pennsylvania Supreme Court issued its decision in *Protz II*. The Supreme Court upheld this Court's conclusion that the legislature improperly delegated its lawmaking authority to the AMA by providing for reference to the most recent version of the *Guides*. *Protz II*, 161 A.3d at 841. However, the Supreme Court reversed this Court's ruling that the Fourth Edition of the *Guides* should apply. *Protz II*, 161 A.3d at 841. Concluding that the defective provision could not reasonably be severed, our Supreme Court held former Section 306(a.2) was invalid in its entirety. *Protz II*, 161 A.3d at 841.

In response to our Supreme Court's decision in *Protz II*, the legislature enacted Act 111,[5] adding Section 306(a.3)(1) to the Workers' Compensation Act. Under Act 111, IREs shall be conducted pursuant to the Sixth Edition of the *Guides*, second printing (2009). 77 P.S. § 511.3(1).[6]

Meanwhile, in March 2017, while the appeal of *Protz I* was pending in our Supreme Court, Claimant filed a reinstatement petition seeking to change his disability status from partial back to total disability based on the holding of *Protz I*. C.R. A20-0173 Item 5 at 4. In November 2017, a WCJ granted Claimant's

---

[5] Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

[6] Act 111 also amended the Workers' Compensation Act to require a whole person disability rating of less than 35% before a claimant's temporary total disability status may be modified to partial disability. 77 P.S. § 511.3(2).

3

reinstatement petition retroactive to the date of the 2009 modification. C.R. A20-0173 Item 10 at 2. Employer appealed the WCJ's reinstatement order to the Board. In February 2019, the Board issued an order remanding the matter to the WCJ to determine whether Claimant could show he was still disabled as a result of his work injury. C.R. A20-0173 Item 5 at 5 (citing *Protz II*; *Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018)).

While his reinstatement petition was pending, Claimant underwent another IRE in January 2019, again at Employer's behest, in conformity with the Sixth Edition of the *Guides*, second printing, as required by Act 111. C.R. A20-0173 Item 17. That examination yielded an impairment rating of 3%. C.R. A20-0173 Item 5 at 7; C.R. A20-0173 Item 17 at 3. Employer filed a new modification petition (2019 modification petition), which was consolidated with Claimant's reinstatement petition. C.R. A20-0173 Item 2.

In February 2020, the WCJ issued two identical orders granting Claimant's reinstatement petition effective as of the date Claimant filed the reinstatement petition in March 2017 and granting Employer's 2019 modification petition effective as of the date of the new IRE in January 2019 (2019 modification). C.R. A20-0173 Item 5 at 8; C.R. A20-0175 Item 5 at 7. Both parties appealed to the Board. C.R. A20-0173 Items 6 & 8; C.R. A20-0175 Items 6 & 8.

Claimant argued that the January 2019 IRE was premature because it preceded a decision on the reinstatement petition regarding his disability status. C.R. Item 6 at 2. Additionally, Claimant contended that the IRE was performed under an unconstitutional statute, Act 111, and therefore could not support the 2019 modification of his status. *Id.* Claimant posited that Act 111 was unconstitutional

4

because it (1) delegated legislative authority to a private entity, (2) applied to injuries predating its enactment, and (3) applied improper credit to employers toward the waiting time required before requesting an IRE.[7]  *Id.*

Employer argued the WCJ erred in applying *Protz II* to Claimant's reinstatement petition because Claimant did not appeal the 2009 modification and therefore failed to preserve any challenge to the constitutionality of former Section 306(a.2).  C.R. A20-0173 Item 10 at 4.  Employer further asserted that *Protz II* could not apply retroactively, so Claimant's benefits could not be reinstated as of a date preceding the Supreme Court's decision in *Protz II*.  C.R. A20-0173 Item 10 at 4.  In addition, Employer contended that *Whitfield*, in which this Court held that a claimant could seek reinstatement within three years after the most recent payment of workers' compensation benefits, did not apply to this case to render Claimant's reinstatement petition timely.  C.R. A20-0173 Item 10 at 4.

In December 2020, the Board affirmed the WCJ's orders. C.R. A20-0173 Item 10.  Regarding Claimant's reinstatement petition, the Board concluded this case is governed by *Whitfield* and *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020).  Because Claimant was still receiving partial disability benefits at the time he filed the reinstatement petition, that petition was timely, but reinstatement was effective only as of the date of the reinstatement petition, not as of the 2009 modification.  C.R. A20-0173 Item 10 at 1-13; *see White*, 237 A.3d at 1230-31; *Whitfield*, 188 A.3d at 617.  Regarding Employer's 2019 modification petition, the Board employed the analytical

---

[7] Under Section 306(a.3)(1) of the Workers' Compensation Act, an employer may not demand an IRE until after the claimant has received 104 weeks of temporary total disability compensation.  77 P.S. § 511.3(1).  Pursuant to Section 3(2) of Act 111, an employer/insurer receives credit towards this 104-week waiting period for any weeks of temporary total disability benefits that were paid prior to Act 111's enactment.  77 P.S. § 511.3; *see White v. Workers' Comp. Appeal Bd. (City of Phila.)*, 237 A.3d 1225, 1230 (Pa. Cmwlth. 2020).

framework set forth in *Bechtel Power Corp. v. Workmen's Compensation Appeal Board (Miller)*, 452 A.2d 286 (Pa. Cmwlth. 1982), and concluded the modification petition was not premature. C.R. A20-0173 Item 10 at 8-10. Citing *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *aff'd per curiam* (Pa., No. 88 MAP 2019, filed Aug. 18, 2020), the Board also determined that Act 111 does not improperly delegate legislative authority to the AMA. C.R. A20-0173 Item 10 at 10.

Claimant timely petitioned for further review of the Board's orders.[8] The petitions for review have been consolidated in this Court.

## II. Discussion

### A. Applicable Reinstatement Date

Claimant first asserts that he is entitled to reinstatement of his total disability status as of the date of the 2009 modification, rather than the date of his reinstatement petition. We discern no merit in this assertion.

In *Whitfield*, the claimant sought reinstatement of total disability status after our decision in *Protz I*, arguing, like Claimant here, that because the modification from total to partial disability was based on an IRE performed under an invalid statute, total disability status should be reinstated. *Whitfield*, 188 A.3d at 612. This Court concluded that if the claimant demonstrated entitlement to total disability status, reinstatement was proper as of the date of the reinstatement petition,

---

[8] "Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated." *Gieniec v. Workers' Comp. Appeal Bd. (Palmerton Hosp. & HM Cas. Ins. Co.)*, 130 A.3d 154, 159-60 (Pa. Cmwlth. 2015) (citing *Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger)*, 38 A.3d 1037 (Pa. Cmwlth. 2011)).

and such reinstatement did not mean that *Protz I* was being applied retroactively. *Whitfield*, 188 A.3d at 617.

Subsequently, in *White*, this Court specifically addressed the proper reinstatement date under circumstances similar to those in this case. The claimant in *White* filed a reinstatement petition after our decision in *Protz I* and sought reinstatement as of the original modification date, but the Board concluded reinstatement was appropriate only from the date of the claimant's reinstatement petition. *White*, 237 A.3d at 1230-31. We affirmed, explaining that because the claimant had not appealed the original modification, she was entitled to reinstatement only as of the date of her reinstatement petition, not the date her status had been modified from total to partial disability. *Id.* at 1231.

Despite Claimant's assertion to the contrary, *White* is squarely applicable here and governs our disposition of the issue in this case. Like the claimant in *White*, Claimant here did not appeal the original modification of his disability status from total to partial disability. Like the claimant in *White*, after this Court's decision in *Protz I*, Claimant here filed a reinstatement petition asserting that he was entitled to reinstatement as of the original modification date because the IRE that formed the basis for modification was conducted under an invalid statute. This is the precise argument we rejected in *White*, 237 A.3d at 1231, and we likewise reject it here. In accordance with our binding precedent in *White*, we conclude that Claimant was entitled to reinstatement only as of the date of his reinstatement petition in March 2017, not as of the 2009 modification date.

7

**B. Seeking Modification While Reinstatement Petition Was Pending**

Next, Claimant challenges the propriety of Employer's 2019 modification petition, contending that Employer could not seek modification while Claimant's reinstatement petition was still pending. We disagree.

Claimant's argument is based on the principle that "matters pending on appeal cannot be revisited by the filing of new, similar petitions." *Gieniec v. Workers' Comp. Appeal Bd. (Palmerton Hosp. & HM Cas. Ins. Co.)*, 130 A.3d 154, 158 (Pa. Cmwlth. 2015) (citing *Carson/Kent Joint Venture v. Workmen's Comp. Appeal Bd. (Scafidi)*, 663 A.2d 828 (Pa. Cmwlth. 1995); *Bechtel Power*; *Grasha v. Workmen's Comp. Appeal Bd. (Sch. Dist. of Pittsburgh)*, 413 A.2d 771 (Pa. Cmwlth. 1980)) (additional citations omitted). As we explained in *Bechtel Power*, the intent of that rule is to avoid "the unnecessary and counterproductive relitigation of identical issues." *Bechtel Power*, 452 A.2d at 288 (citing *Grasha*). It likewise precludes simultaneous separate litigation of inconsistent positions. *Gieniec*, 130 A.3d at 158. For example, "the *Bechtel* [*Power*] rule prohibits an employer from attacking a finding of disability, on the one hand by alleging that no disability occurred and on the other hand by alleging that the disability ceased." *Carson/Kent*, 663 A.2d at 830.

However, the rule does not apply where the issues in the two petitions are not identical. For example, in *Sharkey v. Workers' Compensation Appeal Board (Tempo, Inc.)*, 739 A.2d 641 (Pa. Cmwlth. 1999), the employer filed suspension and termination petitions while its appeal was pending before the Board concerning which of two employers was responsible for payment of the claimant's medical bills. *Id.* at 641-42. The claimant argued that the employer could not pursue suspension or termination while still denying liability for payment of benefits. *Id.* at 642-43.

8

This Court disagreed because the issues in the two proceedings were not identical: one proceeding challenged the employer's responsibility to pay medical expenses, but did not challenge the work-related injury itself, while the other proceedings questioned the claimant's ongoing disability and her exercise of good faith in pursuing job referrals within her physical capabilities. *Id.* at 643.

Here, as in *Sharkey*, the issues raised in Claimant's reinstatement petition and Employer's 2019 modification petition are disparate. The reinstatement petition involves the legal issue of the effect of *Protz I* on the appropriate date of reinstatement in light of the subsequent invalidation of the statute under which the IRE supporting the 2009 modification was performed. By contrast, the 2019 modification petition raises the factual question of Claimant's degree of disability remaining in 2019, as measured in a new IRE performed under the current statute. Thus, Employer's positions in the two proceedings are not competing or conflicting as Claimant suggests. *See* Br. of Claimant at 21. Because the issues in the two proceedings are not identical, the WCJ and the Board did not err in allowing Employer to pursue the 2019 modification petition while Claimant's reinstatement petition relating to the 2009 modification was pending.

## C. Constitutionality of Act 111
### 1. Delegation of Legislative Authority

Claimant next asserts that Act 111 is unconstitutional because its provision for IREs pursuant to the Sixth Edition, second printing (2009), of the *Guides* improperly delegates legislative authority to the AMA, a private entity. This Court has previously rejected this argument and has expressly held that Act 111 did not constitute an improper delegation of legislative authority. *AFL-CIO*, 219 A.3d

9

at 314-15; *see also Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551, 557 (Pa. Cmwlth. 2020) (by specifying the edition of the *Guides* to be applied in performing IREs, the legislature cured the unconstitutional delegation that arose from the former language providing for application of the most recent edition). Claimant's assertion to the contrary is without merit. As we explained in *AFL-CIO*, although the legislature may not delegate the future enactment of standards, it may adopt as its own an existing set of standards, and doing so in Act 111 did not unconstitutionally delegate its legislative authority.[9] *AFL-CIO*, 219 A.3d at 314-15 (quoting *Protz II*, 161 A.3d at 838-39, and citing *Pennsylvanians Against Gambling Expansion Fund, Inc. v. Commonwealth*, 877 A.2d 383, 418 (Pa. 2005)).

## 2. Application to Predating Injuries and IRE Waiting Period

Citing the prohibitions against *ex post facto* laws and impairment of contracts in Article I, Section 17 of the Pennsylvania Constitution, Pa. Const. art. I, § 17, and Article I, Section 10 of the United States Constitution, U.S. Const. art. I, § 10, Claimant argues that Act 111 is improperly retroactive because it applies to injuries predating its enactment. Claimant also asserts that Act 111 provides improper credit to employers toward the 104-week waiting time required before requesting an IRE and, as such, improperly allowed Employer here to seek a new IRE before the expiration of 104 weeks of temporary total disability benefits following reinstatement. We reject Claimant's arguments.

---

[9] In this regard, Claimant misapprehends this Court's analysis and holding in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd*, 161 A.3d 827 (Pa. 2017). The flaw in former Section 306(a.2) was that, unlike the replacement provision of Act 111, it did not simply adopt a set of existing standards; rather, by mandating use of the most recent version of the *Guides*, it allowed the AMA to alter the standards at will without any legislative oversight. *See Protz I*, 124 A.3d at 416.

10

This Court previously considered and rejected similar contentions in *Pierson v. Workers' Compensation Appeal Board (Consolidated Pennsylvania Coal Co.)* ___ A.3d ___ (Pa. Cmwlth. No. 423 C.D. 2020, filed Feb. 9, 2021), 2021 Pa. Commw. LEXIS 386.[10] There, as here, the claimant suggested that applying Act 111 to injuries predating its enactment would impair his vested rights. *Id.* at ___, slip op. at 8-9. In rejecting the claimant's vested rights argument, this Court explained:

> While [the c]laimant, here, argues that he has a [vested] right to benefits as calculated at the time of injury, there are reasonable expectations under the [Workers' Compensation] Act that benefits may change. We acknowledge that a claimant retains a certain right to benefits until such time as he is found to be ineligible for them. However, claimants, such as the one in the matter before us, did not automatically lose anything by the enactment of Act 111. Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole body impairment of less than 35%, after receiving 104 weeks of [temporary total disability] benefits.
>
> As this Court opined in *Rose Corporation*, the General Assembly made it clear in Act 111 that weeks of [temporary total disability] and partial disability paid by an employer/insurer prior to the enactment of Act 111 count as credit against an employer's new obligations under Act 111.
>
> . . . .
>
> In *Rose Corporation*, we also added: "Through the use of very careful and specific language, the General Assembly provided employers/insurers with credit for the

---

[10] On April 26, 2021, this Court entered an order redesignating its previously unreported memorandum opinion in this case as a published opinion. This decision is therefore precedential authority, although the Atlantic Reporter pagination is not yet available.

11

weeks of compensation, whether total or partial in nature, previously paid." *Rose Corp.*, 238 A.3d at 562.

[A]s we made clear in *Rose Corporation*, the 104-week and credit provisions of Act 111 were explicitly given retroactive effect by the clear language used by the General Assembly.

[The c]laimant, herein, argues that the General Assembly cannot take away his "vested rights" and that it did not explicitly express an intent to apply the provisions of Act 111 in any sort of a retroactive fashion. As we noted above, [the c]laimant's "vested rights" have not been abrogated by Act 111. Further, we believe it is clear that the General Assembly intended for the 104-week and credit weeks provisions of Act 111 to be given retroactive effect, where, as we noted in *Rose Corporation*, it stated in plain language it was doing so.

*Id.*, slip op. at 16-17 (citation omitted). Our analysis in *Pierson* is directly applicable and controlling here. We therefore reject Claimant's constitutional challenges to Act 111.


### III. Conclusion

Based on the foregoing discussion, we affirm the Board's order.


_____
CHRISTINE FIZZANO CANNON, Judge


12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Hutchinson,                      :
             Petitioner      :
                                 :
       v.                     :
                                 :
Annville Township (Workers'     :
Compensation Appeal Board),     :   Nos. 16 & 17 C.D. 2021
             Respondent   :

## O R D E R

AND NOW, this 9th day of August, 2021, the orders of the Workers' Compensation Appeal Board in the above consolidated cases are AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge