Doylestown Processing Co., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Mario Diaz, Respondents.

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*David L. Pennington,* with him *John E. Smith,* and *Harvey, Pennington, Herting & Renneisen,* for petitioner.

*David Azrak,* for respondent.

OPINION BY JUDGE MENCER, September 12, 1979:

A workmen's compensation referee found that the disability suffered by Mario Diaz (claimant), as a result of his work-related injury of December 26, 1973, ceased as of March 4, 1974. Thus, the referee found that Doylestown Processing Co. (employer) had sustained its burden of proving that the claimant's disability had ceased and granted the employer's petition for termination. The Workmen's Compensation Appeal Board (Board), without taking evidence, set aside the determination of the referee and remanded the case to the referee to provide the claimant "an opportunity to complete a myleogram [*sic*] and to allow the parties to present any other additional evidence they desire." The employer has filed an appeal from this decision of remand,[1] and we reverse.

In *Merryman v. United States Steel Corp.*, 26 Pa. Commonwealth Ct. 569, 570, 365 A.2d 166-67 (1976), we stated:

This Court in Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board, 18 Pa. Commonwealth Ct. 352 336, A.2d 440 (1976), interpreted the 1972 amendments to [The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.][2] as imposing upon the Workmen's Compensation Appeal Board stricter limitations on its former wide capacity to remand cases to referees for fur-

---

[1] During the more than two years during which this case was in litigation prior to the referee's decision, the claimant did not undergo a myelogram or request the referee for a continuance to have such a test performed. Likewise, the referee did not deny any request by claimant for a continuance or further hearing to present additional testimony.

[2] Sections 853 and 854 of the Act, 77 P.S. §§853, 854.

ther taking of evidence. We held that the new provisions empowered the Board to remand only when 'the referee's findings are not supported by competent evidence' or when 'the referee [has] failed to make a finding on a crucial issue necessary for the proper application of the law.' Forbes, *supra,* at 358, 336 A.2d at 445.

In this case, Dr. Bendler testified for the employer and stated that he was "absolutely certain this man [claimant] does not have a herniated disc or any irritation from the low back associated with the herniated disc or any other abnormal process in the low back." Further, Dr. Bendler testified that there was no finding of disability in claimant attributable to an accident on December 26, 1973. This medical evidence on behalf of the employer constitutes competent and comprehensive evidence upon which the referee could have based his finding. Also, the referee did not fail to make a finding on any crucial issue. Accordingly, applying the *Forbes, supra,* rule, the Board erroneously remanded.

We have often recognized that a remand order is interlocutory and therefore generally unappealable. The only exceptions to this rule are for appeals where the Board had no jurisdiction because the appeals from the referee were not timely, *Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973), for appeals where the record conclusively establishes that no result other than that reached by the referee could be reached, *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973), and for appeals where the Board's action is based on a clear error of law which would necessitate prolonged and fruitless proceedings, *Flynn v.*

*Asten Hill Manufacturing Co.,* 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978).

Here the record is complete and the referee made adequate findings on all crucial issues. Therefore, under *Forbes, supra,* the remand order was erroneous, beyond the power of the Board, and appealable. *Flynn v. Asten Hill Manufacturing Co., supra.*

Therefore, we make the following

## ORDER

AND Now, this 12th day of September, 1979, the order of the Workmen's Compensation Appeal Board, dated February 24, 1978, at No. A-73163, vacating and setting aside the referee's findings of fact, conclusions of law and order terminating compensation to Mario Diaz and remanding to the referee, is hereby reversed.