Bechtel Power Corp. and Argonaut Insurance Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Charles Miller, Respondents.

Argued November 20, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for petitioners.

*Arthur G. Girton,* for respondent, Charles Miller.

OPINION BY JUDGE PALLADINO, December 31, 1981:

Petitioners (Claimant's employer and the employer's insurer) appeal an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting total disability benefits to Respondent (Claimant) pursuant to Section 306(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §511. We affirm the order of the Board.

Before the referee, Claimant contended that while working as a steam fitter, he had tried to move a heavy section of pipe and had felt a "pop" in his groin area. Later the same day, he observed distension in the inguinal region, and subsequently was diagnosed by his physician, Dr. Flandreau, as having sustained an inguinal hernia for which corrective surgery was performed. Claimant then filed a petition for compensation. Based upon the testimony of Claimant and Dr. Flandreau, the referee found that Claimant's inguinal hernia "was directly related to the injury" at work. Therefore, the referee awarded "continuing total disability" benefits to Claimant.

On appeal by Claimant's employer, the Board concluded (1) that the "factual findings of the Referee [were] inadequate to support an ongoing award of compensation for total disability" and (2) that a remand to the referee was required for further hearing "for clarification and determination of the extent of the Claimant's disabled condition, the cause thereof, and the availability of work suitable to his condition."

On remand, Claimant introduced into evidence before the referee the deposition of a second physician,

Dr. Mattson, whose unequivocal testimony established the connection between the work-related incident and Claimant's hernia and Claimant's inability to continue heavy labor. Nevertheless, Claimant's employer offered no evidence concerning the availability of work suitable for Claimant. Thus, in his second decision the referee found (1) that Claimant's hernia resulted from his work activities; (2) that Claimant remained unable to perform the heavy-labor jobs in which he was engaged before being injured, and (3) that the employer failed to show the availability of suitable employment. The referee again awarded continuing total disability benefits to Claimant.

Appealing from the referee's second decision, Claimant's employer argued before the Board that the additional testimony of Dr. Mattson was not authorized by the Board's remand order and that the Board should consequently remand the case to the referee, instructing the referee to disregard the testimony of Dr. Mattson and to clarify his initial factual findings as requested in the Board's original remand order. The employer contended that such a remand would result in the referee's being unable to find a causal link between Claimant's work injury and his hernia. However, the Board dismissed the employer's appeal, stating that the Board's remand order was sufficiently broad to authorize the additional testimony of Dr. Mattson and that Dr. Mattson's testimony provided, as the referee concluded, unequivocal medical evidence of the connection between the work injury and Claimant's disability.

Before this Court Petitioners advance several alternative theories: (a) Under the circumstances of this case the Board did not have the power to remand to the referee; (b) If the Board had the power to remand to the referee, then the Board's order did not permit the introduction of additional medical testi-

mony, and (c) The referee's findings after the remand were unsupported by substantial competent evidence. Petitioners' arguments will be discussed seriatim.

"[T]he Board's power to remand cases to the referee . . . [is] limited to two instances: (1) where the findings of the referee are not supported by competent evidence or (2) where the referee has failed to make a finding on a crucial issue, necessary for the proper application of the law." *LoRubbio v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 529, 532, 411 A.2d 866, 867 (1980).

In the present case the Board's remand order and accompanying opinion explained that a remand was necessitated by the referee's not having made findings on issues essential to a legal conclusion of total disability, such as Claimant's ability/inability to do any remunerative jobs and the availability/unavailability of suitable jobs. *Adamo v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 530, 425 A.2d 63 (1981); *Doylestown Processing Co. v. Workmen's Compensation Appeal Board,* 45 Pa. Commonwealth Ct. 578, 406 A.2d 245 (1979); *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975).

The Board also questioned whether the referee's finding of the causal nexus between Claimant's work injury and hernia was supported by competent evidence. *Borovich v. Colt Industries,* 492 Pa. 372, 424 A.2d 1237 (1981); *Pepsi-Cola Bottling Co. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 174, 417 A.2d 256 (1980); *Forbes Pavilion Nursing Home, Inc.*

Under the Act unequivocal medical testimony is needed to prove a causal relationship between an injury and a subsequent disability where the relationship is not obvious. *Breen v. Pennsylvania Crime*

*Commission,* 52 Pa. Commonwealth Ct. 41, 415 A.2d 148 (1980); *Sears, Roebuck & Co. v. Workmen's Compensation Appeal Board,* 48 Pa. Commonwealth Ct. 161, 409 A.2d 486 (1979). "The proper test for legal sufficiency of medical testimony is: . . . that in [the doctor's] professional opinion the result in question came from the cause alleged." *Halaski v. Hilton Hotel,* 487 Pa. 313, 317, 409 A.2d 367, 369 (1979) (quoting *Menarde v. Philadelphia Transportation Co.,* 376 Pa. 497, 501, 103 A.2d 681, 684 (1954)). Although words such as "probably caused" do not meet the test of legal sufficiency of medical evidence on causation, such language must be construed according to the entirety of a doctor's testimony. *Breen.*

In the present case Dr. Flandreau was asked by way of deposition, whether Claimant's work injury was, to a reasonable medical certainty, related to Claimant's hernia. Dr. Flandeau responded:

The only thing I can tell you is just what you hear from this history, the fact that he felt pain in his groin at the time of the stress, at the time of pulling, it is an assumption but it is certainly one that relates to the later findings to a hernia. I can't say it occurred at that time, no one can.

. . . .

. . . [W]hen you ask for precise answers and I have to say within the realm of reasonable thought as you put it or so many terms, there seems to be a relationship between the exertion he went under at that time, as he related it to us, this is all you have to go on. . . . All I have is historical facts. All I have is the fact when he strained he felt a pain in his groin. This is all I can do is assume. This is probably when he had this thing happen to him.

Because it was not clear whether there was sufficient evidence to support the referee's finding on

causality and because the Board is empowered to remand to the referee for further hearings where the referee's findings are not supported by sufficient evidence, the Board properly remanded to the referee in this instance. *Pepsi-Cola Bottling Co.*

With regard to the admission of additional medical testimony, the Board's opinion and order requiring further hearing for a clarification, *inter alia,* of causality and the extent of disability, were broadly worded. *LoRubbio.* The Board reasoned that the additional medical testimony was authorized by its remand order and was not inconsistent with the scope of its directive to the referee.

> Section 419 of the Act, *as amended,* 77 P.S. §852, has been viewed as vesting virtually plenary remand power in the Board where it is determined that further factual findings are required to establish the entitlement to an award.
>
> Any objection to the remand in this case pales when the full extent of the Board's power over the resolution of factual disputes, under the 1972 amendments, is fully appreciated.

*Borovich v. Colt Industries,* 492 Pa. at 375-76, 424 A.2d at 1239 (footnote deleted); *Crucible Steel Corp. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 500, 434 A.2d 242 (1981).

Where, as here, the party with the burden of proof (Claimant) has prevailed below, our scope of review consists of determining whether constitutional rights were violated, an error of law was committed, or necessary factual findings were unsupported by substantial evidence. *Mickles v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 109, 428 A.2d 1035 (1981); *Forbes Pavilion Nursing Home, Inc.*

Dr. Mattson opined that, with a reasonable degree of medical certainty, Claimant's heavy lifting at his job caused Claimant's hernia. Claimant's employer

asserts that Dr. Mattson's testimony also suggests that Claimant's disabling hernia was merely the progression of weakening in the inguinal region since Claimant had suffered several past hernias in that area. However, Dr. Mattson stated that although it was possible for the heavy labor Claimant performed to have weakened Claimant and predisposed him to such herniations, nevertheless, "the one thing [Claimant] lifted at that particular time cause [sic] this rupture to go so he tells me. It was quite compatible with the type of work he does." Under the Act

> [t]he fact that an employee was afflicted with a pre-existing physical defect or ailment which rendered him . . . more susceptible to injury than an entirely normal person will not bar recovery.
>
> The injury need not be the sole or exclusive cause of the disability. It is sufficient if the injury materially contributed to the disability, rather than the disability resulting from the natural progress of the pre-existing condition.

*Halaski v. Hilton Hotel,* 487 Pa. at 318-19, 409 A.2d at 370 (footnote deleted).

Moreover, Dr. Mattson testified that he instructed Claimant not to persist in the type of heavy work he performed prior to sustaining the hernia.

> The general rule is that, once the claimant has discharged his burden of proving that, because of his injury, he is unable to do the type of work he was engaged in when injured, the employer has the burden of proving that other work is available to the claimant which he is capable of performing.

*Cannon Boiler Works, Inc. v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 546, 548, 428 A.2d 293, 294 (1981); *Mickles.* " '[T]otal dis-

ability' may be generic to the particular job a claimant performed prior to his work-related injury.'' *Workmen's Compensation Appeal Board v. Levy*, 363 A.2d 884, 887 (1976). In the absence of any evidence from employer on the availability of suitable employment for Claimant, the award of continuing total disability benefits was proper.

Accordingly, we enter the following

### ORDER

AND Now, December 31, 1981, the order of the Workmen's Compensation Appeal Board, A-77150, dated November 6, 1980, is affirmed.

It is ordered that judgment be entered against Petitioners, Bechtel Power Corporation and/or its insurer, Argonaut Insurance Company, and in favor of Claimant, Charles Miller, as follows: continuing total disability benefits at the rate of $187.00 per week beginning February 19, 1976, and continuing thereafter, to the present and into the future during the continuance of Claimant's total disability, together with interest at the rate of ten percent (10%) per annum on all deferred amounts of compensation payable hereunder, in accordance with the provisions of The Pennsylvania Workmen's Compensation Act.

It is ordered that judgment be further entered against Petitioner Bechtel Power Corporation and/or its insurer, Argonaut Insurance Company, and in favor of Claimant, Charles Miller, for the following medical expenses: $640.00 to Riddle Memorial Hospital; $600.00 to Richard H. Flandreau, M.D.; $129.00 for the deposition of Ronald Mattson, M.D.; $98.50 to Ken Kaufman, Court Reporter, and $5.00 to Riddle Memorial Hospital.

It is further ordered that twenty percent (20%) of the gross recovery of the Claimant under this judgment is to be charged against this judgment and paid

directly to Arthur G. Girton, Esquire, Claimant's counsel, as an attorney's fee, the balance of said judgment to be paid directly to Claimant.