IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wilner Dorvilus,               :
          Petitioner        :
                                  :
          v.                    :  No. 397 C.D. 2017
                                    :  Submitted:  June 30, 2017
Workers' Compensation Appeal   :
Board (Cardone Industries),      :
          Respondent   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge[1]

OPINION
BY PRESIDENT JUDGE LEAVITT[2]           FILED: January 5, 2018

Wilner Dorvilus (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) dismissing his reinstatement petition as untimely and improvidently filed.  In doing so, the Board affirmed a decision of the Workers' Compensation Judge (WCJ) that Claimant was not eligible to seek a reinstatement of disability compensation because it had been adjudicated that his work injury did not cause a loss of earning power.  Accordingly, Claimant could not seek a "reinstatement" of benefits to which he was never entitled.  After review, we affirm.

On November 12, 2009, Claimant filed a claim petition alleging that he had sustained a work injury two months earlier while packing machine parts onto a cart.  While packing his cart, he was struck in the lower back by another cart. Claimant sought medical and disability compensation from Cardone Industries

---

[1] This case was decided before Judge Cosgrove's service on the Court ended on December 31, 2017.

[2] This case was reassigned to President Judge Leavitt on December 8, 2017.

(Employer). After a hearing, the WCJ granted the claim petition, concluding that Claimant had sustained a lumbosacral strain and sprain that resulted in wage loss as of September 18, 2009, and ongoing.[3] Employer appealed to the Board, and it affirmed the WCJ's determination that Claimant sustained a work injury. However, the Board reversed the WCJ's "award of disability benefits." Board Adjudication (7/31/2013) at 10; Reproduced Record at 20a (R.R. __).

Claimant petitioned for this Court's review, and we affirmed the Board. *Dorvilus v. Workers' Compensation Appeal Board (Cardone Industries)*, (Pa. Cmwlth., No. 1460 C.D. 2013, filed March 7, 2014). Claimant petitioned for allowance of appeal to the Pennsylvania Supreme Court, and it was denied. *Dorvilus v. Workers' Compensation Appeal Board (Cardone Industries)*, 166 A.3d 1238 (Pa. 2017).

On November 26, 2013, Employer filed a termination petition asserting that Claimant had fully recovered from his work injury. The WCJ denied the petition, concluding that Claimant established a continuing need for medical treatment for the accepted work injury of his lumbosacral strain and sprain.

On May 5, 2015, Claimant filed a reinstatement petition alleging his work injury had worsened and caused a loss of his earning power as of June 26, 2013. Employer moved to dismiss the reinstatement petition as barred by the doctrines of collateral estoppel and *res judicata*. The WCJ denied Employer's motion. Employer then moved to dismiss the petition as time barred by Section 413(a) of the Workers' Compensation Act (Act).[4]

---

[3] The WCJ rejected Claimant's claim that the work injury caused radicular symptoms, difficulty with urination and bowel movements, right arm pain, left shoulder pain or lumbar abscesses.

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772.

2

Section 413(a) of the Act limits the time period for seeking a reinstatement of compensation. Section 413(a) states, in relevant part, as follows:

> Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed: Provided, That, except in the case of eye injuries, no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, *unless a petition is filed with the department within three years after the date of the most recent payment of compensation* made prior to the filing of such petition.

77 P.S. §772 (emphasis added). The WCJ granted Employer's motion and dismissed Claimant's reinstatement petition. The Board affirmed, and Claimant petitioned for this Court's review.[5]

On appeal, Claimant argues that the Board erred. Claimant observes that his last payment of disability compensation was made on July 21, 2013, and he filed his reinstatement petition on May 8, 2015, which was "within three years after the date of [his] most recent payment of compensation." 77 P.S. §772. This satisfies the requirements of Section 413(a) of the Act.

Employer responds that it has been adjudicated that Claimant was not entitled to any wage loss compensation. That he was paid disability compensation benefits to which he was not entitled is irrelevant to the three-year deadline in Section 413(a) of the Act for filing a reinstatement petition.

---

[5] This Court's standard of review is to determine whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Habib v. Workers' Compensation Appeal Board (John Roth Paving Pavemasters)*, 29 A.3d 409, 411 n.1 (Pa. Cmwlth. 2011).

3

An award of disability compensation requires the claimant to establish a causal connection between a work injury and his loss of earning power. *Cardyn v. Workmen's Compensation Appeal Board (Heppenstall)*, 534 A.2d 1389, 1390 (Pa. 1987). Section 413(a) of the Act authorizes the reinstatement of suspended benefits where it is shown "the *disability* of the injured employe has increased." 77 P.S. §772 (emphasis added).

Claimant was awarded medical and wage loss benefits on May 23, 2011. Employer paid Claimant both medical and disability compensation in accordance with the WCJ's decision until July 31, 2013, when the Board reversed the award of disability compensation. This Court affirmed the Board. Employer argues that on these facts, Claimant is not entitled to seek the reinstatement of benefits that would never have been paid except for the error of the WCJ. In support, Employer directs our attention to *Sloane v. Workers' Compensation Appeal Board (Children's Hospital of Philadelphia),* 124 A.3d 778 (Pa. Cmwlth. 2015).

In *Sloane*, the claimant suffered a work injury to her right elbow in 2004, and the employer issued a notice of compensation payable (NCP) accepting the injury and agreeing to pay disability compensation. Two years later, the claimant suffered a second work injury to her right elbow and right knee. The employer issued a medical-only NCP. The claimant returned to light-duty work until November 2007, when she had right-knee replacement surgery.

In 2011, the claimant sought reinstatement of total disability compensation as of 2007. The WCJ reinstated benefits, concluding that the claimant was totally disabled as a result of the 2004 and 2006 injuries. The Board reversed. Because the claimant was receiving partial disability compensation for the 2004 injury when she filed a reinstatement petition, the Board held that her petition was

4

timely. However, it reversed the award on the 2004 injury on the merits. For the 2006 injury, the Board found that the claimant's reinstatement petition was untimely filed. Section 413(a) of the Act required the claimant to seek reinstatement of disability compensation within three years of the last payment of disability compensation. However, the claimant never received any disability benefits for the 2006 injury, for which the employer issued a medical-only NCP.

Before this Court, the claimant argued that a medical-only NCP was the legal equivalent of a determination that she had suffered a work injury with disability compensation immediately suspended. We disagreed. We explained that "the effect of issuing a medical-only NCP is distinct from the effect of a WCJ ruling that a claimant has suffered a loss of earning power and granting a claim petition but immediately suspending benefits." *Sloane*, 124 A.3d at 784. We noted that where disability benefits have been suspended, they can be reinstated upon evidence of a worsening of the work injury.

Here, Employer did not accept Claimant's claim that he suffered a work injury that caused a loss of earning power, and this claim has been fully litigated. In the end, it was established that Claimant sustained a work injury, but not one that caused a loss of earning power. As in *Sloane*, 124 A.3d 778, the Board did not suspend wage loss benefits. Rather, it held that Claimant was not entitled to disability compensation.

We likewise considered this issue in *Gieniec v. Workers' Compensation Appeal Board (Palmerton Hospital and HM Casualty Insurance Company)*, 130 A.3d 154 (Pa. Cmwlth. 2015). Therein, the claimant suffered a work injury in 2007 and the WCJ awarded medical-only benefits. The claimant appealed. While the appeal was pending, the claimant sustained a new work injury in 2011. She sought

5

reinstatement of compensation alleging an aggravation of the 2007 injury. The WCJ granted the reinstatement petition until the Board decided the claimant's then pending appeal of the 2007 injury.

The Board vacated the WCJ's decision and dismissed the reinstatement petition. It held that the WCJ should have dismissed the reinstatement petition rather than granting it on a contingent basis. On appeal, this Court affirmed the Board, explaining that a reinstatement petition was premature if it depended on the outcome of an appeal of the initial claim. We further advised:

> As we uphold dismissal of the reinstatement petition, we do not reach the merits. However, we note the principles of *res judicata* govern the determination as to any ongoing benefits attributable to the 2007 Injury. *Krouse v. Workers' Comp. Appeal Bd. (Barrier Enter.)*, 837 A.2d 671 (Pa. Cmwlth. 2003). *After litigating her indemnity claim and losing, WCJ Kutz's order remained limited to medical benefits. Therefore, ongoing benefits for wage loss would not have been subject to reinstatement.*

*Id.* at 160 n.2 (emphasis added). As in *Gieniec*, Claimant fully litigated his claim to disability compensation and lost. Thus, there were no benefits capable of reinstatement.

Claimant proved a work injury, but he did not prove that it caused a disability. He cannot now seek reinstatement after the three-year statute of limitations has run, based upon his collection of compensation payments reversed on appeal.

For these reasons, we affirm the Board.

_____
MARY HANNAH LEAVITT, President Judge

6

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Wilner Dorvilus, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 397 C.D. 2017 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Cardone Industries), | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 5th day of January, 2018, the order of the Workers' Compensation Appeal Board dated March 28, 2017 in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge

Wilner Dorvilus,                                    :
                        Petitioner              :
                                                       :
            v.                                        :
                                                       :
Workers' Compensation Appeal            :
Board (Cardone Industries),                :       No. 397 C.D. 2017
                        Respondent           :       Submitted: June 30, 2017


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COSGROVE                        FILED:  January 5, 2018


            As I disagree with the Majority's analysis, I am compelled to dissent.

Cardone Industries (Employer) asks us to treat the wage loss benefits paid to Wilner

Dorvilus (Claimant) as never having existed, relying heavily on our decision in

*Sloane v. Workers' Compensation Appeal Board (Children's Hospital of

Philadelphia)*, 124 A.3d 778 (Pa. Cmwlth. 2015) to support its contention the

reinstatement petition was properly dismissed.  In *Sloane*, a claimant sought in 2011

to reinstate wage loss benefits for a 2006 injury.  The existence of that injury had

not been litigated.  Rather, the claimant's employer accepted this injury through a

medical-only notice of compensation payable (NCP).  The claimant's petition for

reinstatement of total disability benefits for the 2006 injury was granted by a

workers' compensation judge.  The Workers' Compensation Appeal Board (Board)

reversed in part on appeal, concluding the claimant was required to comply with the

three-year limitation set forth in Section 413(a) of the Workers' Compensation Act.[1] As the claimant had not filed within three years of the date of the 2006 injury, she was barred from receiving total disability benefits. This Court affirmed the order of the Board, finding that a claimant could not reinstate a disability that was never recognized by the employer, or established via litigation.

The facts of this case distinguish it from *Sloane*. Unlike the *Sloane* claimant, the present Claimant <u>actually</u> litigated his case, and, for a time, had a recognized disability for which he <u>actually</u> received wage loss benefits. As such, Claimant filed his reinstatement petition well within the three-year limit set forth in Section 413(a)[2] of the Act. His wage loss benefit payments ceased in July 2013, and his reinstatement petition was filed on May 8, 2015. Section 413(a) only requires the reinstatement petition to be filed within three years of the last payment. The fact that Claimant was deemed not entitled to that payment does not render it nonexistent. A strict read of Section 413(a) requires us to conclude that Claimant's petition was timely. For these reasons, I dissent.

_____
JOSEPH M. COSGROVE, Judge

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

[2] 77 P.S. § 772.

JMC-2