# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carleton Holman, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 572 C.D. 2024 |
| | : | ARGUED: March 4, 2025 |
| School District of Philadelphia | : | |
| (Workers' Compensation Appeal | : | |
| Board), | : | |
| Respondent | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE STACY WALLACE, Judge (P.)
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  April 17, 2026**


Claimant, Carleton Holman, petitions for review from an order of the Workers' Compensation Appeal Board, which affirmed the decision of a workers' compensation judge (WCJ) denying and dismissing his Reinstatement Petition. Both the Board and the WCJ found that Claimant's Reinstatement Petition was time barred under the Workers' Compensation Act (Act).[1]  We affirm.

## Procedure and Background

### Prior Related Decisions

As the Board aptly noted: "This matter involves a complicated procedural history which is relevant to the disposition of th[e] current [a]ppeal."

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

Certified Record (C.R.) at 55.[2]  On February 24, 2017, Claimant was injured while in the course of his employment as a seventh and eighth grade math teacher when he was pushed by a student and fell while attempting to prevent a fight.  C.R. at 23. The School District of Philadelphia (Employer) issued a Notice of Temporary Compensation Payable (NTCP) on March 30, 2017, describing Claimant's work injury "as contusions of the left knee, both wrists, buttocks, low back, head, left elbow, and shoulders." *Id.*  Pursuant to the NTCP, Employer agreed to pay Claimant medical benefits and wages in lieu of compensation.  C.R. at 55.  The NTCP form contained the following standard language: "This notice of **temporary** compensation payments is for a period of up to 90 days and **is not** an admission by your employer that it is responsible for your injury." *Id.* (emphasis in original).

On April 7, 2017, Employer sent a letter to Claimant informing him that physicians from both WorkNet and Rothman Institute had released him to return to work with restrictions.  C.R. at 23-24, 56.  Employer offered Claimant a modified-duty position earning wages equal to that of his pre-injury job and requested that he return to work no later than April 17, 2017.  C.R. at 24, 56.  Claimant did not return to work; instead, he sent Employer a letter dated April 12, 2017, indicating his intent to retire effective June 30, 2017.  *Id.*

Notably, on April 18, 2017, Employer issued a Medical-Only Notice of Compensation Payable (Medical-Only NCP) and stopped paying wage loss benefits. *Id.* at 23, 56.  Claimant then filed a Penalty Petition asserting that Employer violated the Act and regulations by unilaterally stopping payment of wage loss benefits without an order or agreement to do so.  C.R. at 23, 56-57.  Claimant maintained that Employer should have filed a Notice Stopping Temporary Compensation Payable

---

[2] Because the Certified Record was filed electronically and was not paginated, the page numbers referenced herein reflect electronic pagination.

(Stop Notice) and a Notice of Compensation Denial (Notice of Denial) rather than a Medical-Only NCP. C.R. at 23, 57. Claimant alleged that because Employer failed to properly stop his indemnity benefits, his NTCP converted to an NCP. C.R. at 57. He sought a 50% penalty, interest, attorney's fees, litigation costs, and a "reinstatement" of compensation benefits. *Sch. Dist. of Phila. v. Holman (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 23 C.D. 2020, filed Apr. 19, 2022) (*Holman I*), slip op. at 2.

Employer filed an answer denying the material averments and denying that a violation of the Act had occurred. *Id.* More specifically, Employer argued "that, by issuing a Medical-Only NCP on April 18, 2017, within 90 days of issuing the NTCP, it complied with . . . the Bureau's regulations . . . and did not otherwise violate the Act." *Holman I*, slip op. at 3.

Claimant testified before the WCJ that he has not worked since the incident and that his compensation checks stopped after he received the Medical-Only NCP. *Holman I*, slip op. at 2; C.R. at 24. Claimant also admitted that he was seen at WorkNet and Rothman Institute and was released to return to limited work on April 7, 2017. C.R. at 23-24.

In February 2018, the WCJ issued a decision and order denying Claimant's Penalty Petition. C.R. at 23, 57. The WCJ found that Employer did not violate the Act by issuing the Medical-Only NCP in lieu of a Stop Notice and Notice of Denial. C.R. at 57. Claimant appealed and the Board issued an opinion and order in December 2019 reversing in part and affirming in part the WCJ's decision. C.R. at 23, 57. Specifically,

> [t]he Board determined that Employer did not properly stop the NTCP in accordance with the Act by filing a Medical-Only NCP. The Board opined that the proper

method to stop wage continuation in lieu of indemnity payments pursuant to an NTCP is to file proper forms as prescribed by the Department of Labor and Industry (Department), namely, a[] [Stop Notice]. . . and a [Notice of Denial], pursuant to Section 406.1(d) of the Act and Section 127.17(d)(1) of the regulations. The Board explained that these forms provide the required notice to Claimant that Employer has not accepted liability and that Claimant must file a claim to establish Employer's liability. Because Employer failed to file the proper forms, the NTCP, which provided for payment of medical expenses and wages in lieu of indemnity benefits, converted to an NCP by operation of law. 77 P.S. § 717.1(d)(6).

*Holman I*, slip op. at 3. Thus, the Board found that Employer violated the Act when it stopped paying Claimant indemnity benefits, reversed the denial of the Penalty Petition, and ordered Claimant's indemnity benefits be reinstated pursuant to the converted NTCP. *Id.*; C.R. at 57. Nevertheless, the Board declined to award a penalty, noting that the regulations are confusing as to which form should be used and Employer acted in good faith by issuing the Medical-Only NCP. *Holman*, slip op. at 3-4; C.R. at 58. Pursuant to the Board's December 2019 order, Employer paid Claimant retroactive indemnity benefits back to April 18, 2017 (when the Medical-Only NCP was issued), and continued to pay Claimant ongoing benefits. C.R. at 58. Employer also appealed to this Court.

On April 19, 2022, this Court reversed the Board's decision and held that Employer's timely filing of a Medical-Only NCP to stop compensation payments under an NTCP comported with both the Act and regulations. *Holman I*, slip op. at 9-10. The Court based its decision on *Raymour & Flanigan v. Workers' Compensation Appeal Board (Obeid)*, 264 A.3d 817 (Pa. Cmwlth. 2021), which is "directly on point and controlling." *Holman I*, slip op. at 9. Therefore, the Court

reversed the Board "insofar as it ordered the reinstatement of Claimant's indemnity benefits as of April 18, 2017." *Holman I*, slip op. at 10. Claimant subsequently petitioned the Supreme Court for allowance of appeal.

Current Decisions

Claimant filed the instant Reinstatement Petition asserting a worsening of condition on April 29, 2022, after this Court issued its decision in *Holman I*, but before the Supreme Court denied Claimant's petition for allowance of appeal, *School District of Philadelphia v. Holman (Workers' Compensation Appeal Board)* (Pa., No. 134 EAL 2022, filed Sept. 13, 2022). C.R. at 7. Employer filed an answer denying all material averments and asserting that the Reinstatement Petition was time-barred by the three-year statute of limitations, and barred under the principle of technical *res judicata*. C.R. at 13.

Before the WCJ, Claimant testified[3] that his work duties included walking up and down several flights of stairs to bring students to his classroom, escorting students to and from lunch, taking students to gym and to the yard at the end of the day, walking around the classroom, and disseminating, retrieving, stacking, and carrying heavy textbooks. C.R. at 24. His symptoms included

> a loss of feeling along his neck, along his shoulder blades, in both arms and down to his hands and fourth and fifth fingers; problems moving his left elbow; numbness in . . . both legs and the toes on both feet; extreme pain in his back, because of which he cannot sit or stand for long; difficulty bending his left knee; swelling in his ankles; poor range of motion in his left arm; and wrist problems.

---

[3] Employer also submitted into evidence Claimant's prior testimony before the WCJ in his Penalty Petition in *Holman I*. C.R. at 23-24.

*Id.* With respect to Employer's April 2017 job offer, the principal told Claimant that the job would be working in the same classroom as a teacher. *Id.* Claimant did not attempt to perform the job because he did not think he could do it, he was in considerable pain, and he was afraid of being attacked again. *Id.* Claimant submitted his retirement letter because he "had no income" and "no recourse." *Id.*

Claimant submitted the deposition testimony of Miteswar Purewal, M.D., who is board certified in anesthesia and pain management and had treated Claimant since 2017. C.R. at 24. It was Dr. Purewal's opinion that Claimant was not capable of working in any capacity, and Dr. Purewal had not released Claimant to work in any capacity. C.R. at 25. Employer submitted the deposition testimony of Andrew Collier, M.D., who performed independent medical examinations of Claimant in July 2017, January 2019, and July 2022. Dr. Collier's ultimate opinion was that Claimant could return to work as a teacher if his standing and walking were limited to one to three hours, and he was allowed to change positions as necessary. C.R. at 27.

The WCJ issued a decision and order on April 10, 2023, denying and dismissing the Reinstatement Petition as time barred under Section 413(a) of the Act, 77 P.S. § 772, because it was filed more than three years after his 2017 work injury.[4] C.R. at 30-31. That section of the Act provides, in pertinent part, that "no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after

---

[4] While the WCJ's decision is based on a legal issue not involving the facts surrounding Claimant's work injury or any ongoing disability, she did make certain credibility determinations. The WCJ found Claimant's testimony "credible as to his pain and need for some medical treatment, but not credible as to continuing disability." C.R. at 27. She also found both Dr. Purewal and Dr. Collier "generally credible as to Claimant's symptoms and his ability to work within restrictions," and noted that while "Employer offered a job within Claimant's restrictions in 2017, . . . he made no attempt to return to work." *Id.*

6

the date of the most recent payment of compensation made prior to the filing of such petition." 77 P.S. § 772. Here, while Employer paid Claimant benefits pursuant to the Board's prior decision, those benefits were found to be improper in *Holman I*. Even if the Reinstatement Petition were treated as a claim petition, the WCJ held that it would be barred by the statute of limitations in Section 315 of the Act which states:

> In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

77 P.S. § 602; *see also* C.R. at 31. Given the determination as to timeliness, the WCJ did not reach the issue of *res judicata*. *See* C.R. at 30.

Claimant appealed and the Board affirmed the determination that the matter was time-barred. The Board explained its interpretation of *Raymour & Flanigan* as follows:

> With the Commonwealth Court's recent determination of *Raymour & Flanigan*, it seems that while a claimant who is issued a Medical-Only NCP generally must file a claim petition, which is limited to the time constrains of Section 315 of the Act, a claimant who initially received a NTCP which agreed to pay him wage loss benefits, and said NTCP was subsequently stopped when the employer issued a Medical-Only NCP, which accepted liability for medical benefits only, a claimant need only file a reinstatement petition pursuant to Section 413(a) of the Act and the time limitations provided therein.

C.R. at 68. Thus, in accordance with *Raymour & Flanigan*, the Board concluded "that Claimant was required to file only a reinstatement petition in seeking wage loss

7

benefits be awarded for his work injuries" and the time limitations of Section 413(a) of the Act apply here. C.R. at 68.

Section 413(a) of the Act is a statute of repose which requires a claimant to act on his right to workers' compensation within the time provided or his substantive right will be completely extinguished. C.R. at 69 [citing *Cozzone v. Workers' Comp. Appeal Bd. (Pa. Mun./East Goshen Twp.)*, 73 A.3d 526, 535 (Pa. 2013)]. The Board noted that "while payments of disability benefits or payments in lieu of disability benefits may act to toll the statute of repose under Section 413(a) of the Act, payment of medical expenses for the claimant's work injury do not qualify as "compensation" under Section 413(a) in terms of tolling the [three-year] statute of repose." C.R. at 70 (citing *Sloane*, 124 A.3d at 785). Further, "payment of workers' compensation disability or payments in lieu of such benefits may not be reinstated where an award of such payments ha[s] been reversed on appeal." *Id.* [citing *Dorvilus v. Workers' Comp. Appeal Bd. (Cardone Indus.)*, 176 A.3d 1092, 1096 (Pa. Cmwlth. 2018)]. Stated differently, payment of disability benefits or in lieu of disability benefits only serves to toll Section 413(a)'s statute of repose where such payment was "in order in the first place." C.R. at 71 (quoting *Dorvilus*, 176 A.3d at 1096). In *Holman I*, this Court determined that Claimant was not entitled to the wage loss benefits the Board ordered to be "reinstated," essentially nullifying that award of benefits. The case therefore reverted to the Medical-Only NCP status accepted by Employer in April 2017. C.R. at 71. The Board further explained that because Claimant never returned to work at equal or greater earnings than his pre-injury teaching job, he was not entitled to the 500 weeks of partial disability benefits afforded by the second provision of Section 413(a) of the Act and so the three-year statute of repose applies here. C.R. at 72. Finally, the pendency of an appeal in

8

another action does not toll the statute of repose on a separate action involving the same claimant. C.R. at 72 [citing *Lopresti v. Workers' Comp. Appeal Bd. (Taylor Wharton Co.)*, 692 A.2d 629, 631 (Pa. Cmwlth. 1997)].

Given all of this, the Board held that "in measuring the three-year limitation under Section 413(a), we must consider either the date that Claimant sustained his work injuries on February 24, 2017, or the last date that [Employer] paid Claimant wages in lieu of disability benefits under the NTCP on April 18, 2017." C.R. at 72. Calculating three years from these dates leads to February 24, 2020, and April 18, 2020, respectively. C.R. at 72-73. Because Claimant did not file his Reinstatement Petition until April 29, 2022, more than two years past either deadline, the Board held that the matter was time-barred by Section 413(a) of the Act. C.R. at 73. Moreover, in allowing three years from the last payment of indemnity benefits, Section 413(a) presupposes that the claimant was actually entitled to those benefits. Here, Employer did not accept responsibility for indemnity benefits nor was there any adjudication of such a right. Therefore, the three year period cannot relate back to the payments that were ordered solely because of a procedural error by the Board. The Board noted that even if the Reinstatement Petition was "treated as a claim petition, it would be barred by the [s]tatute of limitations in Section 315 [of the Act] as it would had to have been filed within three years from the date of injury." *Id.* The Board also rejected Claimant's equitable argument that strict application of the statute of repose is unjust and contrary to the humanitarian purposes of the Act. Because the WCJ properly determined that Claimant's Reinstatement Petition was barred by the Act's statute of repose, the Board affirmed. Claimant then petitioned this Court for review.

9

**Discussion**

Claimant frames the sole issue on appeal, generally, as whether the Board erred in affirming the WCJ's denial of the Reinstatement Petition. Claimant's Br. at 5. Claimant does *not* raise or provide argument regarding any specific claim of error in the Board's analysis. The sole issue raised by Claimant on appeal is an equitable one—"that the result here is unjust and runs contrary to the humanitarian spirit of the Act." Claimant's Br. at 16. "[T]he ultimate goal of the workers' compensation program is to make the injured employee whole." *Erb v. Workers' Comp. Appeal Bd. (Steris Corp.)*, 812 A.2d 773, 775-76 (Pa. Cmwlth. 2002) [citing *O'Brien v. Workers' Comp. Appeal Bd. (City of Phila.)*, 780 A.2d 829 (Pa. Cmwlth. 2001)]. The "Act must be liberally construed to effectuate its humanitarian purposes with borderline interpretations resolved in favor of the injured employee." *Erb*, 812 A.2d at 776. Claimant maintains that the result reached here goes against the remedial nature and humanitarian purposes of the Act. Moreover, Claimant argues that he had no basis to file either a claim petition or a reinstatement petition prior to the deadlines set forth in Section 413(a) because he was already receiving wage loss benefits pursuant to the Board's December 2019 order. Any such filings for wage loss would have been dismissed as moot, and this Court's decision in *Holman I* was not issued until after the expiration of the statutory deadlines. Claimant asserts that after his benefits were found to be improper in *Holman I*, he filed the "only petition available to him under these circumstances" and the Board erred in affirming the finding that his Reinstatement Petition was time barred.

As to this last assertion, in order to properly preserve his rights, Claimant could have filed a claim at the same time he filed the initial Penalty Petition in 2017 and simply argued the petitions in the alternative. At that time, such a claim

10

for wage loss would *not* have been moot.  Moreover, the Board loses jurisdiction to review a petition once the statute of repose expires, and the only exception to strictly applying the statute of repose is where a claimant can demonstrate estoppel against the employer.  C.R. at 73 (citing *Lopresti*, 692 A.2d at 631); *Cozzone*, 41 A.3d at 109-10.  Regardless of whether Section 315 or Section 413(a) of the Act apply here, Claimant's petition is untimely; therefore, the Board did not err in affirming the WCJ's decision.  We understand that the time limitations in the Act may be harsh and may work a hardship on certain claimants, but we are bound by them no matter how sympathetic we may feel in a given case.

Accordingly, we are bound to affirm.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carleton Holman, : 
                    Petitioner : 
               : 
          v. :   No. 572 C.D. 2024
               : 
School District of Philadelphia : 
(Workers' Compensation Appeal : 
Board), : 
             Respondent : 

## **O R D E R**

AND NOW, this 17th day of April, 2026, the Order of the Workers' Compensation Appeal Board is AFFIRMED.

 

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carleton Holman,               :
               Petitioner    :
                          :
        v.               : No. 572 C.D. 2024
                          : Argued: March 4, 2025
School District of Philadelphia    :
(Workers' Compensation Appeal   :
Board),                    :
               Respondent  :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE STACY WALLACE, Judge (P.)
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

CONCURRING OPINION
BY JUDGE WALLACE                       FILED: April 17, 2026

I concur in the Majority's conclusion affirming the Board's order. I write separately, however, to note my disagreement with this Court's majority decision in *Dorvilus v. Workers' Compensation Appeal Board (Cardone Industries)*, 176 A.3d 1092 (Pa. Cmwlth. 2018), which the Board relied on in making its determination.

In *Dorvilus*, a claimant filed a claim petition, which a WCJ granted in 2011. *Id*. at 1094. The claimant began receiving compensation benefits and the employer appealed to the Board. *Id*. In 2013, the Board affirmed the WCJ's finding of an injury but reversed the award of disability benefits. *Id*. Accordingly, the claimant stopped receiving compensation payments in July 2013. *Id*. In May 2015, the

claimant filed a reinstatement petition. *Id.* The employer moved to dismiss the reinstatement petition arguing it was untimely under Section 413(a) of the Act, *id.*, which provides

> no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department **within three years after the date of the most recent payment of compensation made**, prior to the filing of such petition.

77 P.S. § 772 (emphasis added). The employer argued the claimant was not entitled to seek the reinstatement of benefits that would never have been paid except for the error of the WCJ. *Dorvilus*, 176 A.3d at 1093. Accordingly, the employer asserted those payments were irrelevant to the Section 413(a) deadline. *Id.* The WCJ agreed, granting the employer's motion and dismissing the claimant's reinstatement petition. *Id.* The Board affirmed, and the claimant petitioned this Court for review. *Id.*

In affirming the Board, this Court noted that while the claimant proved a work injury, he did not prove that it caused a disability. *Id.* Therefore, the claimant could not seek reinstatement of benefits after Section 413(a)'s three-year statute of limitations had run based on his collection of compensation payments that were later reversed on appeal. *Id.*

Judge Cosgrove wrote a dissenting opinion with which I agree. In his dissenting opinion, Judge Cosgrove opined that the employer's position in *Dorvilus* essentially required this Court to treat the compensation payments the claimant received as having never existed. *Id.* at 1096 (Cosgrove, J., dissenting op.). He noted the claimant had "<u>actually</u> litigated his case and, for a time, had a recognized disability for which he <u>actually</u> received wage loss benefits." *Id.* (emphasis in original). He emphasized that Section 413(a) only requires the reinstatement petition be filed within three years of the last **payment**. *Id.* I believe Judge Cosgrove

correctly observed: "The fact that [the claimant] was deemed not entitled to that payment does not render it nonexistent. A strict read of Section 413(a) requires us to conclude that [the claimant's] petition was timely." *Id.* Judge Cosgrove's position is consistent with the recognition that a basic premise of workers' compensation matters is that the Act "is remedial in nature and intended to benefit the worker, and, therefore, . . . must be liberally construed to effectuate its humanitarian objectives." *Hannaberry HVAC v. Workers' Comp. Appeal Bd. (Snyder, Jr.)*, 834 A.2d 524, 528 (Pa. 2003) (citation omitted). Accordingly, we should construe borderline interpretations of the Act in the injured party's favor. *Id.* (citation omitted). Judge Cosgrove's reasoning reflects these principles.

Even so, I acknowledge Judge Cosgrove's view is a minority view. Accordingly, although I disagree that compensation payments later reversed on appeal should be excluded from Section 413(a)'s reinstatement petition statute of limitations analysis, I must nevertheless concur in the Majority's decision to affirm the Board.

_____
STACY WALLACE, Judge